IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL PECO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-142-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Michael Peco, a federal prisoner who is confined in FCI-Fort Worth, against Rodney W. Chandler, warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot.

**I. BACKGROUND**

Petitioner challenges a 2011 incident report and prison-disciplinary proceeding conducted at MCC-Chicago and the resultant loss of 27 days' good-time credit. Pet. 1-2 & Exs. 1 & 2, ECF No. 1. Both parties agree that the disciplinary proceeding and incident report have been expunged from Petitioner's prison record, and Respondent provides proof that Petitioner's lost good-time credit has been restored. Resp't's Resp. 1-2, ECF No. 8; Resp't's App. 1, ECF No. 9. Accordingly, Respondent asserts the case is now moot and should be dismissed. Resp't's Resp. 1-2, ECF No. 8.

**II. DISCUSSION**

This court does not have the power under Article III of the Constitution to decide the merits of a case that is moot when it comes before the court. *See Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999). "[A] case is moot when it no longer presents a live controversy with respect to

which the court can give meaningful relief." *McClelland v. Gronwaldt,* 155 F.3d 507, 514 (5th Cir. 1998) (internal quotations, footnote, and brackets omitted), *overruled on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 & n.11 (5th Cir. 2003) (en banc). If a case is moot, a court lacks subject matter jurisdiction. *Carr v. Saucier,* 582 F.2d 14, 15-16 (5th Cir. 1978).

Because the BOP has expunged the disciplinary proceeding and incident report and restored Petitioner's lost good-time credit, the Court can no longer provide Petitioner with that relief. Thus, the Court agrees that this case has been rendered moot. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as moot.

**SO ORDERED** on this 6th day of August, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**